UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KARA TZANETIS          :
                       :
v.                     :   CIV. NO. 3:09CV413 (WWE)
                       :
                       :
WEINSTEIN & RILEY, P.S. :
                       :

RULING ON PLAINTIFF'S MOTION TO COMPEL [Doc. #21]

This is an action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, plaintiff alleges that defendants violated the Act by misrepresentations in the letters it sent to plaintiff.  The Court held oral argument on plaintiff's motion for an order compelling defendants to respond to discovery on December 10, 2009 and **GRANTED** plaintiff's motion for the reasons that follow.

Standard of Review

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).  Information that is reasonably calculated to lead to the discovery of

1

admissible evidence is considered relevant for the purposes of discovery.  See Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991); Morse/Diesel, Inc. v. Fidelity & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988).

1.   Interrogatories

Interrogatory No. 1 asks, "State all relationships among defendant, its principals, and Dodeka and its principals." Defendant responded that Weinstein & Riley, P.S. is the national law firm for Dodeka, LLC.  Defendant objects that the request is overly burdensome.  The Court disagrees and grants plaintiff's motion to compel a response to Interrogatory No. 1.

Interrogatory No. 2 asks, "Identify the date and nature of all documents and information defendant received about the plaintiff's account before you began collection efforts regarding the plaintiff's account placed with you for collection." Defendant has provided the date and nature of the documents but has not provided the information it received before commencing collection efforts.  The Court grants plaintiff's motion to compel a response to Interrogatory No. 2 to the extent that, if defendant has provided all relevant information, defendant is to state that in writing.

2.  <u>Request for Production</u>

<u>Request for Production No. 2</u> seeks, "All documents reflecting purchase or ownership of the plaintiff's accounts from the date of plaintiff's last payment to Chase to the date of your response to this request."  Defendant states that it has produced significant documentation concerning the specific transaction and has nothing additional to supply.  The Court grants plaintiff's motion to compel a response to Request for Production No. 2 to the extent that, if all of the information has been provided, defendant is to state that in writing.

<u>Request for Production No. 4</u> seeks, "Any insurance agreement under which any person carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered herein or to indemnify or reimburse for payments made to satisfy the judgment."  Defendant states that they do not have an insurance policy which provides any coverage for the claim at issue.  The defendants will produce all insurance documents unless defendants can identify a specific prejudice which would arise from the disclosure of their existing policies.

<u>Request for Production No. 5</u> seeks, "All contracts and retainer agreements with Dodeka and [with] any intermediary, servicer or forwarder in effect as of the date you received plaintiff's

account for collection and dates thereafter." Defendant objects as to the ambiguity of the request. Defendants will produce all retainer agreements relating to any business or legal relationship that led to the sending to plaintiff the letters at issue in this case.

Accordingly, Plaintiff's Motion to Compel **[Doc. #21]** is **GRANTED**. Compliance with this ruling is to be made within ten (10) days.

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 18th day of December 2009.

      ____/s/_____
      HOLLY B. FITZSIMMONS
      UNITED STATES MAGISTRATE JUDGE