UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KARA TZANETIS,

    Plaintiff,

v.                                  No. 3:09CV00413(DJS)

WEINSTEIN & RILEY, P.S.,

    Defendant.

## ORDER

This is an action filed pursuant to federal and state statutes regulating debt collection practices. The plaintiff, Kara Tzanetis, alleges that the statutes at issue were violated by two letters she received from the defendant, Weinstein & Riley ("W&R"). Now at bar are Tzanetis' two motions to strike materials submitted by W&R in support of its motion for summary judgment. For the reasons that follow, both motions (Dkt. # 33, 51) are DENIED.

In prior years, the Court has consistently disapproved of the use of motions to strike during the summary judgment process. See Martin v. Town of Westport, 558 F. Supp. 2d 228, 231 (D. Conn. 2008) ("[I]n the context of summary judgment, motions to strike are unnecessary and produce only redundant statements by the court that it has not relied on such

1

inadmissible evidence in deciding the summary judgment motion."); Carone v. Mascolo, 573 F. Supp. 2d 575, 580 (D. Conn. 2008); Ide v. WinWholesale, Inc., 596 F. Supp. 2d 249, 251 (D. Conn. 2009); Moran v. Premier Educ. Group, LP, 599 F. Supp. 2d 263, 266 (D. Conn. 2009); Garlasco v. Stuart, 602 F. Supp. 2d 396, 408-09 (D. Conn. 2009); Ferraresso v. Town of Granby, 646 F. Supp. 2d 296, 301 (D. Conn. 2009). This view has rested on the fact that Rule 56, which governs summary judgment, does not explicitly provide for the motion to strike as a tool in the summary judgment process. See Fed. R. Civ. P. 56. Rule 12(f) does provide that, sua sponte or upon motion, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," Fed. R. Civ. P. 12(f), but affidavits, Local Rule 56(a) Statements, Notices of Additional Authority, and the like, are not "pleadings" as defined by the Federal Rules, see Fed. R. Civ. P. 7(a). Nonetheless, the lack of clarity on whether motions to strike may be used in the context of summary judgment has produced varied outcomes within this District. Compare Merry Charters, LLC v. Town of Stonington, 342 F. Supp. 2d 69, 75 (D. Conn. 2004) ("A motion to strike is the correct vehicle to challenge materials submitted in connection with a summary judgment motion."), with Ricci v. Destefano, No. 3:04CV1109, 2006 WL 2666081, at *1 (D. Conn. Sept. 15, 2006) ("[I]t is

2

inappropriate to strike material contained in exhibits to motions.").

The 2010 Amendments to Rule 56, scheduled to take effect on December 1, 2010, appear to resolve the ambiguity. Under the amended rule, "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2) (as scheduled to take effect on December 1, 2010). The notes provide further detail, explaining that "[t]he objection functions much as an objection at trial, adjusted for the pretrial setting," and that "[t]he burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated." Fed. R. Civ. P. 56 advisory committee's note (as scheduled to take effect on December 1, 2010). Most importantly, the notes state that "[t]here is no need to make a separate motion to strike. If the case goes to trial, failure to challenge admissibility at the summary-judgment stage does not forfeit the right to challenge admissibility at trial." Id.

The 2010 Amendments, which are intended "to improve the procedures for presenting and deciding summary-judgment motions and to make the procedures more consistent with those already used in many courts," id., align with this Court's prior view that separate motions to strike are unnecessary in the summary

judgment context. If a party wishes to argue that an asserted material fact is not supported by the evidence, or wishes to object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence, that party should do so in its summary judgment briefing. Accordingly, Tzanetis' Motions to Strike **(Dkt. # 33, 51)** are **DENIED**.

The Court, however, takes note of Tzanetis' objections to W&R's submissions. First, Tzanetis argues that W&R's Notice of Additional Authority (Dkt. # 46) was filed out of time and without Court permission. The Court, however, is already familiar with the decisions addressed in W&R's notice.

Second, Tzanetis challenges the admissibility of Exhibit A (the "Ross Affidavit") to W&R's Reply in Support of its Motion for Summary Judgment (Dkt. # 31, 32), which quotes passages from the two letters that give rise to her complaint. Specifically, Tzanetis claims that: (1) W&R has not shown that the Ross Affidavit is based on the affiant's personal knowledge of what the letters contain; (2) the letters themselves constitute the best evidence of their contents; and (3) the Ross Affidavit is irrelevant because it quotes the letters only in part. These arguments, rooted in the requirements of Rule 56(e)(1), are mooted by Tzanetis' subsequent submission of the full letters in support of her own motion for summary judgment. (See Dkt. # 57-

2.) Thus, despite their alleged defects, there is no need to disregard the materials at issue.

SO ORDERED this 28th day of September, 2010.

_____**s/DJS/**_____
**DOMINIC J. SQUATRITO**
**UNITED STATES DISTRICT JUDGE**