UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


                                    :
KARA TZANETIS,                      :
                                    :
     Plaintiff,                     :
                                    :
v.                                  :        No. 3:09CV00413(DJS)
                                    :
WEINSTEIN & RILEY, P.S.,            :
                                    :
     Defendant.                     :
                                    :

                **MEMORANDUM OF DECISION AND ORDER**

     The plaintiff, Kara Tzanetis, brings this action against

the defendant, Weinstein & Riley ("W&R"), alleging that a demand

letter she received from W&R violated the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. § 1692; the Connecticut

Creditor Collection Practices Act, Conn. Gen. Stat. § 36a-645;

the Consumer Collection Agency Act, Conn. Gen. Stat. § 36a-800;

and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn.

Gen. Stat. § 42-110a.  Jurisdiction exists under 28 U.S.C. §

1331, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367(a).  Now

pending before the Court are the parties' cross-motions for

summary judgment.  For the following reasons, Tzanetis' motion

(dkt. # 57) is DENIED, and W&R's motion (dkt. # 20) is GRANTED.

                            **I. FACTS**

     On June 3, 2008, W&R sent a demand letter to Tzanetis which

read as follows:

                                1

Weinstein & Riley P.S., (hereafter "W&R") is national legal counsel for DODEKA, L.L.C., the owner of your credit card account with CHASE BANK USA N.A.. W&R and its local legal counsel have been instructed to commence legal action against you if a prompt resolution of your debt obligation does not occur.

Demand is now made for payment of your debt with a balance of $14,728.08 as of June 3, 2008. The amount due on the day you pay may be greater because of additional interest, late fees, attorney fees and costs, and other charges that may vary from day to day. Please confirm with our law firm the exact amount due and owing on the day you make payment.

We trust that you would rather resolve this matter amicably. You should, within thirty (30) days from receipt of this letter, either make arrangements to settle this matter or dispute the debt as set forth below. Please call the following toll free number so that we can discuss some amicable resolution[.]

If extenuating circumstances exist for paying less than the amount owed, we still would appreciate your call to resolve this matter. Please call the following toll free number[.]

If you do not pay the debt, make satisfactory payment arrangements, or dispute the validity of the debt, W&R will take appropriate action to collect this debt by all lawful means and through all remedies available at law, including bringing a suit against you by our local legal counsel.

If you request proof of the debt or the name and address of the original creditor within the thirty (30) day period that begins with your receipt of this letter, the law requires W&R to suspend its efforts (through litigation or otherwise) to collect the debt until it mails the requested information to you.

Thank you for your prompt attention to this matter. I sincerely hope we can work this out swiftly and amicably without the necessity of further action.

IMPORTANT NOTICE: Federal law gives you 30 days after you receive this letter to dispute the validity of the

> debt or any part of it. Unless you dispute this debt,
> or any portion of it, within 30 days from receipt of
> this notice, we will assume the debt to be valid. If
> you notify us within 30 days after receipt of this
> notice that you dispute the debt, or any portion of
> it, we will obtain verification of the debt or copy of
> the judgment against you and mail you a copy. And, if
> you make a request within 30 days of receipt of this
> notice, we will provide you with the name and address
> of the original creditor, if the original creditor is
> different from the current creditor.

(Dkt. # 57-2.) On June 25, 2008, Tzanetis replied by way of a letter seeking further detail. On July 21, 2008, W&R responded by confirming the account's origin and balance. Tzanetis then filed this action.

## II. STANDARDS

### A. Summary Judgment

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is "material" if it "might affect the outcome of the suit under the governing law," and an issue of material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Fincher v. Depository Trust and Clearing Corp., 604 F.3d 712, 720 (2d Cir. 2010).

The movant bears the burden of showing that there is no

genuine issue of material fact. Anderson, 477 U.S. at 256. The Court must therefore draw all justifiable inferences and resolve all ambiguities in the non-movant's favor. Id. at 255; Vivenzio v. City of Syracuse, 611 F.3d 98, 106 (2d Cir. 2010). The non-movant, however, "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). The non-movant must "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e). Accordingly, Rule 56 "mandates the entry of summary judgment" against a non-movant who "fails to make a showing sufficient to establish the existence of an element essential to [her] case, and on which [she] will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); In re Omnicom Group, Inc. Sec. Lit., 597 F.3d 501, 510 n.3 (2d Cir. 2010).

On cross-motions for summary judgment, each motion must be considered independently and "on its own merits." Ricci v. DeStefano, 530 F.3d 88, 109-10 (2d Cir. 2008).

Here, the Court has reviewed the parties' submissions and concludes that there are no genuine issues of material fact in dispute with respect to either motion. Accordingly, disposition by summary judgment is appropriate.

B. FDCPA

The FDCPA was enacted "to eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 130 S. Ct. 1605, 1608 (2010); 15 U.S.C. § 1692(e).[1]  To that end, the FDCPA requires that a debt collector communicate specific information to a consumer in connection with the collection of any debt. See 15 U.S.C. § 1692g.  In doing so, "[a] debt collector may not use any false, deceptive, or misleading representation or means."  15 U.S.C. § 1692e.  This specifically prohibits "[t]he false representation of . . . the character, amount, or legal status of any debt[.]"  15 U.S.C. § 1692e(2)(A).  Further, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f.  This, in turn, specifically prohibits "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or

---

[1] The FDCPA "regulates interactions between consumer debtors and debt collectors." Jerman, 130 S. Ct. at 1608 (quotation marks omitted). Tzanetis, as a "natural person obligated or allegedly obligated to pay any debt," is a "consumer." 15 U.S.C. § 1692a(3). W&R, as an entity that "uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or . . . regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another," is a "debt collector." 15 U.S.C. § 1692a(6).

5

permitted by law." 15 U.S.C. § 1692f(1).

Whether a debt collector's communications to a consumer complies with the FDCPA's requirements is determined "from the perspective of the least sophisticated consumer." Greco v. Trauner, Cohen & Thomas, LLP, 412 F.3d 360, 363 (2d Cir. 2005) (quotation marks omitted). To prevail under this standard, "a consumer does not need to show intentional conduct on the part of the debt collector." Ellis v. Solomon and Solomon, P.C., 591 F.3d 130, 135 (2d Cir. 2010) (noting that the FDCPA "is a strict liability statute."). Further, "it is not necessary for a plaintiff to show that she herself was confused by the communication she received; it is sufficient for a plaintiff to demonstrate that the least sophisticated consumer would be confused." Jacobson v. Healthcare Financial Services, Inc., 516 F.3d 85, 91 (2d Cir. 2008). It should be noted, however, that "even the least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." Ellis, 591 F.3d at 135. (quotation marks omitted). Applied thusly, the least sophisticated consumer standard accounts for the principal purposes of the FDCPA, namely: (1) to "protect the most vulnerable population of debtors from abusive and misleading practices" by debt collectors, Greco, 412 F.3d at 363; and (2) to "protect[ ] debt collectors from unreasonable

6

constructions of their communications." Jacobson, 516 F.3d at 90.

### III. DISCUSSION

#### A. Tzanetis' Motion

Tzanetis moves for summary judgment on two grounds. First, she takes issue with the following passage: "W&R and its local legal counsel have been instructed to commence legal action against you if a prompt resolution of your debt obligation does not occur." She alleges that this passage constitutes a false or misleading representation of the character, amount, or legal status of her debt in violation of the FDCPA, § 1692e(2)(A), or an unfair or unconscionable means to collect or attempt to collect a debt in violation of § 1692f. Specifically, she points to W&R's response to one of her interrogatories which asked W&R to "[s]tate the date of all instructions to your local legal counsel regarding plaintiff's account." (Dkt. # 57-2.) She argues that by responding that "[n]o such instructions were given, as no lawsuit was ever filed," W&R "has admitted that its statement that 'local legal counsel have been instructed to commence legal action' was false." (Dkt. # 57-1, p. 4, dkt. # 60, p. 5.)

W&R, however, observes that the interrogatory in question had specifically called for its instructions to Glenn Miller, its local counsel. W&R thus argues that "[w]hile W&R may have

7

not given specific instructions to Miller, the interrogatory does not ask whether Dodeka (W&R's client, which is not a party to this action) referred the account to Miller, instructed Miller to file suit, or intended that a suit be filed if no settlement was reached." (Dkt. # 59, p. 6.) On this point, W&R further argues that Tzanetis "has submitted no evidence as to any instructions given to Miller by W&R's client Dodeka." (Dkt. # 59, p. 1.)

    The Court agrees with W&R. The sentence that immediately precedes the passage at issue states that W&R "is national legal counsel for Dodeka, LLC." Given this context, the statement that "W&R and its local legal counsel have been instructed to commence legal action" unambiguously conveys that the instruction to commence legal action to which it refers came from Dodeka, LLC—W&R's client. Tzanetis' interrogatory, however, appears to have asked W&R to disclose its own instructions to Miller, and understandably, was so construed by W&R. W&R's response to Tzanetis' interrogatory, then, is not inconsistent with the passage in the letter with which she takes issue, nor can it support her claim that the passage somehow constitutes a false or misleading representation of the character, amount, or legal status of her debt in violation of § 1692e(2)(A), or an unfair or unconscionable means to collect or attempt to collect a debt in violation of § 1692f.

Second, Tzanetis takes issue with the following passage: "The amount due on the day you pay may be greater because of additional interest, late fees, attorney fees and costs, and other charges that may vary from day to day." She alleges that this passage also constitutes a false or misleading representation of the character, amount, or legal status of her debt in violation of § 1692e(2)(A), and a violation of § 1692f(1) which prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Specifically, she observes that W&R "could not add attorney's fees or costs unless and until it obtained judgment." (Dkt. # 57-1, p. 4.) She argues that by failing to spell out this point, the passage at issue implies that attorney's fees and costs will be added to the amount due even if she voluntarily repays, thus rendering it false, deceptive, and misleading. (Dkt. # 57-1, p. 5-7.)

W&R responds that the passage is not misleading. Specifically, W&R observes that Connecticut law authorizes the receipt or collection of attorney's fees and costs, and argues that the passage purposefully uses the permissive term "may" (rather than "shall" or "will") because at the time W&R wrote the letter, it could not predict whether Tzanetis would pay the

debt before or after litigation.  (Dkt. # 59, p. 8.)

The Court agrees with Tzanetis that using of the word "may" does not necessarily resolve all ambiguities.  To illustrate, another court recently concluded that a collection letter, which stated that a debtor's "balance may include additional charges," violated the FDCPA because it was "reasonably susceptible to an inaccurate reading of the required message."  Weiss v. Zwicker & Associates, P.C., 664 F. Supp. 2d 214, 217 (E.D.N.Y. 2009) (quotation marks omitted).  The court reasoned that the statement could be "reasonably interprete[d] . . . in two ways: it could be read to mean that the total balance . . . already includes additional charges or it could be read to mean that the total balance might eventually include certain additional charges."  Id.

Here, the passage at issue is not susceptible to similar misinterpretation.  The sentence that precedes it flatly identifies the claimed sum as Tzanetis' account balance of $14,728.08, and the letter makes no further demand for fees, costs, interest, or other charges of any kind.  The passage itself merely signals the possibility that other lawful charges might accrue at a later date.  The fact that specific triggers and timeframes for each of these potential future charges are not spelled out does not render the passage susceptible to the reading Tzanetis suggests, nor does it render it misleading to

the least sophisticated consumer.  Cf. id. ("even the most unsophisticated consumer would understand that credit card debt accrues interest.").  Furthermore, the Court rejects Tzanetis' contention that the passage somehow violates § 1692f(1).  The passage simply does not constitute the "collection" of attorney's fees and costs, which, in any case, is expressly authorized under Connecticut law.  See Conn. Gen. Stat. § 42-150aa(b) (2008) (fees); Conn. Gen. Stat. § 52-257 (2008) (costs).

In sum, the Court concludes that under the least sophisticated consumer standard, neither of the two passages Tzanetis has identified constitutes a false, deceptive, or misleading representation in violation of § 1692e or an unfair or unconscionable means to collect or attempt to collect a debt in violation of § 1692f.  Accordingly, Tzanetis' motion for summary judgment is denied.

### B. W&R's Motion

W&R moves for summary judgment on the grounds that Tzanetis has not alleged facts sufficient to establish her claims or has produced no evidence in support thereof, and that its letter did not violate sections 1692e, 1692f, or 1692g of the FDCPA.  (Dkt. # 20-2, p. 3-6.)  Tzanetis responds that "the contents of the letters are the substantive violations."  (Dkt. # 30, p. 2.)

At the time of W&R's motion, the letter at issue had not

been submitted to the Court.  Its subsequent submission now forecloses disposition on sufficiency of the evidence grounds. Tzanetis, however, has alleged no facts to support any further FDCPA violation beyond those addressed above, much less has she made any showing of the existence of their essential elements, and the Court discerns no such violation on the face of the letter.  See Celotex, 477 U.S. at 325 ("the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case.").  Accordingly, W&R is entitled to summary judgment with respect to Tzanetis' FDCPA claims.

Remaining are Tzanetis' state law claims.  A district court "may decline to exercise supplemental jurisdiction over a [state law] claim" if it "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  The dismissal of pendent state law claims is not absolutely mandatory, Marcus v. AT&T Corp., 138 F.3d 46, 57 (2d Cir. 1998), but "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties," United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).  Thus, when "all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness,

and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n. 7 (1988). See Brzak v. United Nations, 597 F.3d 107, 113-14 (2010). Here, judicial economy, convenience, fairness, and comity counsel against the Court's continued exercise of supplemental jurisdiction. Accordingly, Tzanetis' state law claims are dismissed without prejudice.

## IV. CONCLUSION

For the foregoing reasons, Tzanetis' motion **(dkt. # 57)** is **DENIED**, and W&R's motion **(dkt. # 20)** is **GRANTED**. Judgment in favor of the defendant, Weinstein & Riley, P.S., shall enter on all claims in the complaint. The clerk shall close this file.

SO ORDERED this 26th day of October, 2010.

　　　　　　　　　　　　　/s/DJS　　　　　　　　　
**DOMINIC J. SQUATRITO**
**UNITED STATES DISTRICT JUDGE**