**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|                          |   |                            |
|--------------------------|---|----------------------------|
| KARA TZANETIS,           | : |                            |
|                          | : |                            |
|     Plaintiff,           | : |                            |
|                          | : |                            |
| v.                       | : | No. 3:09-CV-00413 (DJS)    |
|                          | : |                            |
| WEINSTEIN & RILEY, P.S., | : |                            |
|                          | : |                            |
|     Defendant.           | : |                            |
|                          | : |                            |

## <u>MEMORANDUM OF DECISION AND ORDER</u>

The plaintiff, Kara Tzanetis, brings this action against

the defendant, Weinstein & Riley, P.S. ("W&R"), alleging that a

demand letter she received from W&R violated the Fair Debt

Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; the

Connecticut Creditor Collection Practices Act, Conn. Gen. Stat.

§ 36a-645; the Consumer Collection Agency Act, Conn. Gen. Stat.

§ 36a-800; and the Connecticut Unfair Trade Practices Act

("CUTPA"), Conn. Gen. Stat. § 42-110a.  Jurisdiction exists

under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), and 28 U.S.C. §

1367(a).  Now at bar is Tzanetis' Motion for Reconsideration of

this Court's October 26, 2010, ruling, which denied her motion

for summary judgment and granted W&R's cross-motion for summary

judgment on all claims in her complaint.  For the following

reasons, Tzanetis' motion (dkt. # 64) is DENIED.

# I. BACKGROUND[1]

Tzanetis is an individual residing in Connecticut. W&R is a Seattle-based bankruptcy law firm. On June 3, 2008, W&R sent a demand letter to Tzanetis which read as follows:

> Weinstein & Riley P.S., (hereafter "W&R") is national legal counsel for DODEKA, L.L.C., the owner of your credit card account with CHASE BANK USA N.A.. W&R and its local legal counsel have been instructed to commence legal action against you if a prompt resolution of your debt obligation does not occur.
>
> Demand is now made for payment of your debt with a balance of $14,728.08 as of June 3, 2008. The amount due on the day you pay may be greater because of additional interest, late fees, attorney fees and costs, and other charges that may vary from day to day. Please confirm with our law firm the exact amount due and owing on the day you make payment.
>
> We trust that you would rather resolve this matter amicably. You should, within thirty (30) days from receipt of this letter, either make arrangements to settle this matter or dispute the debt as set forth below. Please call the following toll free number so that we can discuss some amicable resolution[.]
>
> If extenuating circumstances exist for paying less than the amount owed, we still would appreciate your call to resolve this matter. Please call the following toll free number[.]
>
> If you do not pay the debt, make satisfactory payment arrangements, or dispute the validity of the debt, W&R will take appropriate action to collect this debt by all lawful means and through all remedies available at law, including bringing a suit against you by our local legal counsel.
>
> If you request proof of the debt or the name and address of the original creditor within the thirty (30) day period that begins with your receipt of this

---

[1] Unless otherwise noted, the following is drawn from filings related to the motion at bar.

letter, the law requires W&R to suspend its efforts (through litigation or otherwise) to collect the debt until it mails the requested information to you.

Thank you for your prompt attention to this matter.  I sincerely hope we can work this out swiftly and amicably without the necessity of further action.

IMPORTANT NOTICE: Federal law gives you 30 days after you receive this letter to dispute the validity of the debt or any part of it.  Unless you dispute this debt, or any portion of it, within 30 days from receipt of this notice, we will assume the debt to be valid.  If you notify us within 30 days after receipt of this notice that you dispute the debt, or any portion of it, we will obtain verification of the debt or copy of the judgment against you and mail you a copy.  And, if you make a request within 30 days of receipt of this notice, we will provide you with the name and address of the original creditor, if the original creditor is different from the current creditor.

(Dkt. # 57-2.)  On June 25, 2008, Tzanetis replied by way of a letter seeking further detail.  On July 21, 2008, W&R responded by way of a letter confirming the account's origin and balance. Tzanetis then filed this action.

On January 21, 2010, Tzanetis moved for summary judgment on two grounds.  First, she took issue with the demand letter's passage stating: "W&R and its local legal counsel have been instructed to commence legal action against you if a prompt resolution of your debt obligation does not occur."  She alleged that this passage constituted a false representation of the character, amount, or legal status of her debt in violation of § 1692e(2)(A), or an unfair or unconscionable means to collect or attempt to collect a debt in violation of § 1692f.

Specifically, she pointed to W&R's response to one of her interrogatories which asked W&R to "[s]tate the date of all instructions to your local legal counsel regarding plaintiff's account." (Dkt. # 57-2.) She argued that by responding that "[n]o such instructions were given, as no lawsuit was ever filed," W&R "has admitted that its statement that 'local legal counsel have been instructed to commence legal action' was false." (Dkt. # 57-1, p. 4, dkt. # 60, p. 5.)

The Court rejected this first argument. Specifically, the Court found that given its context, the passage at issue "unambiguously conveys that the instruction to commence legal action to which it refers came from Dodeka, LLC—W&R's client." (Dkt. # 62, p. 8.) The Court further found that Tzanetis' interrogatory "asked W&R to disclose its own instructions to Miller, and understandably, was so construed by W&R." (Dkt. # 62, p. 8.) Given these findings, the Court concluded that W&R's response to Tzanetis' interrogatory was not inconsistent with the passage in the demand letter with which she took issue, nor could it support her claim that the passage somehow constituted a false or misleading representation of the character, amount, or legal status of her debt in violation of § 1692e(2)(A), or an unfair or unconscionable means to collect or attempt to collect a debt in violation of § 1692f. (See dkt. # 62, p. 8.)

Second, Tzanetis took issue with the demand letter's

4

passage stating: "The amount due on the day you pay may be greater because of additional interest, late fees, attorney fees and costs, and other charges that may vary from day to day." She alleged that this passage also constituted a false or misleading representation of the character, amount, or legal status of her debt in violation of § 1692e(2)(A), and an unauthorized "collection" in violation of § 1692f(1).[2] Specifically, she observed that W&R "could not add attorney's fees or costs unless and until it obtained judgment," and argued that by failing to spell out this point, the passage at issue implied that attorney's fees and costs would be added to the amount due even if she voluntarily repaid, thus rendering it false, deceptive, and misleading.  (Dkt. # 57-1, p. 4-7.)

The Court also rejected this second argument. Specifically, the Court found that given its context, the passage at issue was not susceptible to the reading Tzanetis suggested, nor could it be deemed "misleading to the least sophisticated consumer."  (Dkt. # 62, pp. 10-11.)  The Court also found that the passage at issue did not constitute the "collection" of attorney's fees and costs which, in any event, are expressly authorized under Connecticut law, and thus could

---

[2] 15 U.S.C. § 1692f(1) specifies that "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law" is an "unfair or unconscionable means to collect or attempt to collect [a] debt."

not support her claim that it somehow violated § 1692f(1).
(Dkt. # 62, p. 11.)

In sum, the Court concluded that under the least
sophisticated consumer standard, neither of the two passages
with which Tzanetis took issue constituted a false, deceptive,
or misleading representation in violation of § 1692e or an
unfair or unconscionable means to collect or attempt to collect
a debt in violation of § 1692f.  Accordingly, the Court denied
Tzanetis' motion for summary judgment and granted W&R's motion
for summary judgment with respect to those claims.  (Dkt. # 62,
pp. 11-12.)  Tzanetis now moves for reconsideration of these
rulings pursuant to Rules 54(b) and 59(e) of the Federal Rules
of Civil Procedure.[3]

## II. ANALYSIS

The standard for granting a motion for reconsideration is
"strict."  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d
Cir. 1995).  Such a motion "will generally be denied unless the
moving party can point to controlling decisions or data that the
court overlooked — matters, in other words, that might
reasonably be expected to alter the conclusion reached by the
court."  Id. See Lora v. O'Heaney, 602 F.3d 106, 111 (2d Cir.

---

[3] Having granted summary judgment in W&R's favor with respect to all of
Tzanetis' federal law claims, the Court declined to further exercise
supplemental jurisdiction over Tzanetis' remaining state law claims and
dismissed the same without prejudice. (Dkt. # 62, p. 13.)  Tzanetis' Motion
for Reconsideration does not question the dismissal of her state law claims,
which therefore will remain undisturbed.

2010).  "The major grounds justifying reconsideration are an

intervening change of controlling law, the availability of new

evidence, or the need to correct a clear error or prevent

manifest injustice."  Virgin Atl. Airways, Ltd. v. Nat'l

Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992); Burrell v.

United States, 467 F.3d 160, 165 n.3 (2d Cir. 2006) (citations

and quotation marks omitted).  Conversely, a "motion to

reconsider should not be granted where the moving party seeks

solely to relitigate an issue already decided."  Shrader, 70

F.3d at 257.  See Official Comm. of Unsecured Creditors of Color

Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 167 (2d Cir.

2003) ("where litigants have once battled for the court's

decision, they should neither be required, nor without good

reason permitted, to battle for it again." (citation and

quotation marks omitted)).

Here, Tzanetis points to no new controlling law or evidence

warranting reconsideration.[4]  Rather, she forcefully repeats the

two arguments she had previously presented in support of her

motion for summary judgment.

First, Tzanetis again takes issue with the following

passage: "W&R and its local legal counsel have been instructed

---

[4] The only relevant binding authority upon which Tzanetis' Motion for
Reconsideration relies is Bentley v. Great Lakes Collection Bureau, Inc., 6
F.3d 60 (2d Cir. 1993), and Clomon v. Jackson, 988 F.2d 1314 (2d Cir. 1993).
(Dkt. # 64-1, pp. 1, 6.)  Tzanetis previously relied on both of these
decisions in support of her Motion for Summary Judgment.  (See dkt. # 57-2,
pp. 3, 4, 5.)

to commence legal action against you if a prompt resolution of your debt obligation does not occur." (Dkt. # 57-2.) Specifically, she argues that "[t]here is no dispute that the important half of the statement (instruction to local counsel to sue) was not true, by local counsel's own sworn statement," and thus, that W&R "falsely assert[ed] that instructions had been given to local counsel to commence litigation." (Dkt. # 64-1, p. 2.)

This first argument was previously considered by the Court, but was ultimately rejected. (<u>See</u> dkt. # 62, p. 8.) Specifically, the Court explained that W&R's response to Tzanetis' interrogatory was not inconsistent with the passage at issue, and thus could not support her claims. (<u>See</u> <u>id.</u>)

Second, Tzanetis again takes issue with the following passage: "The amount due on the day you pay may be greater because of additional interest, late fees, attorney fees and costs, and other charges that may vary from day to day. Please confirm with our law firm the exact amount due and owing on the day you make payment." (Dkt. # 57-2.) Specifically, she argues that the least sophisticated consumer could interpret this passage as meaning that "attorney's fees would change 'from day to day,'" which would be false because attorney's fees "are fixed as a maximum after judgment." (Dkt. # 64-1, pp. 5-6.) She maintains that this passage "can be considered deceptive"

because it is "open to more than one reasonable interpretation, at least one of which is inaccurate."  (Dkt. # 64-1, p. 6.)

This second argument was also previously considered by the Court, and was also rejected.  (See dkt. # 62, pp. 10-11.) Specifically, the Court explained that given its context, the passage was not susceptible to the reading suggested by Tzanetis, nor could it mislead the least sophisticated consumer, and thus could not support her claims.  (See id.)

The Court has reviewed all filings related to Tzanetis' motion for reconsideration, and concludes that by reasserting her two previously presented arguments without identifying any new evidence or intervening change in the law that could reasonably be expected to alter the Court's conclusions, Tzanetis "seeks solely to relitigate . . . issue[s] already decided."  Shrader, 70 F.3d at 257.  Accordingly, her motion must be denied.

### III. CONCLUSION

For the foregoing reasons, Tzanetis' Motion for Reconsideration **(dkt. # 64)** is **DENIED**.


SO ORDERED this 26th day of July, 2011.


_____/s/DJS_____
**DOMINIC J. SQUATRITO**
**UNITED STATES DISTRICT JUDGE**